Good morning, ladies and gentlemen. Our first case for this morning will be Duncan Place Owners Association v. Danze, Inc. And Mr. Schamberg, are you ready? Good morning, Your Honors, and may it please the Court, Kyle Schamberg for the Plaintiffs Appellants. This is a consumer class action case involving defective steel braided hosing in Danze Faucets. The district court below, in the course of three successive opinions, dismissed plaintiff's claims on 12B1 and 12B6 grounds, aside from one. The remaining claim was the express warranty claim asserted by Duncan Place, the condominium association. Ultimately, the district court granted summary judgment in favor of the defendants on that express warranty count. Plaintiffs do not challenge the summary judgment ruling on appeal, but rather the rulings dismissing the case on 12B1 and 12B6 grounds. There are four independent bases where we believe the district court erred in doing so. And I'd be happy to address any particular points Your Honors would like to discuss. Otherwise, I would just start at the beginning with the express warranty claims. So one of the things that was concerning to me that your opponents raised in their brief is you don't seem to have made this distinction between advertising and that that's what the law of the state of Washington would support. But the first problem is just a waiver problem. Yes, Your Honor, and I would say that we did not waive that argument, because when we briefed these motions before the district court below, we argued the position that there is no reliance requirement. We argued the affirmative things that we need to show in support of our express warranty claim under Washington law. And because we believe that Washington law does not apply this awareness component to a standard written express warranty as exists in this case. We simply didn't felt that we need to argue a negative. We simply said this is what we need to meet to state a claim under Washington law for a breach of express warranty, and we have stated that claim. But you had plenty of notice that the district court perhaps didn't spot this nuance that you're talking about, particularly by the time you file these additional statements from the individual, your three, particularly the first two of those position statements. Yes, and in those position statements, we did note that we were not conceding anything on a legal basis for whether we're just providing the facts that the court had asked us to provide in those position statements. But at the same time, those were position statements. Theoretically, we could have filed a motion to reconsider, I suppose, on that ground and ask the court to do so. But I don't believe there's any precedent stating that a motion to reconsider is necessary in order to appeal a ruling when the terms of what bounds the express warranty have been briefed and argued by the parties below. But you didn't brief this distinction between express warranties that are included in the contract and advertising representations. That's right, Judge Sykes, and that's again because before the district court issued its ruling where it noted this distinction on the awareness requirement, we had briefed what we determined to be, again, I'm repeating myself, but what we needed to affirmatively show to state a claim under Washington law. We didn't believe that awareness was a part of what we needed to show. The district court obviously disagreed with us. And I think at that point, the appropriate course may have been to file a motion to reconsider or may have been to do what we did here and to appeal the ruling. Washington law distinguishes between reliance and awareness or knowledge for purposes of express warranties. And you needed to flag that law for the district court if you wanted to rest your claim on that law. Reliance is not required for express warranty. Knowledge is, or arguably is, that's the whole pressure point of this argument. And you can't have expected the district court to ferret all that out and understand what your argument was if you didn't raise it. Right, I know, and my only issue with that is because, again, we did not believe, and still don't believe, that there is an awareness requirement for these written express warranties. That we would have been arguing a negative, in my view. In other words, in addition to arguing what we needed to show in order to state a claim, we would have had to list off all of the things that we didn't need to show. And we didn't believe that that was necessary in order for us to prevail on the motion to dismiss and to state a claim on 12B6 grounds. Well, I guess what I'm looking at, just to be specific, is the same thing Judge Sykes is talking about. In page 14, 15 of your opening brief, you're referring to Washington cases, appropriately. And you criticize the judge, you said, without distinguishing between claims based on a standard written warranty, no awareness requirement, other types of statements such as advertisements where there is footnote, you're citing cases, you're distinguishing cases on this basis. Over on page 16, you do the same thing. You're talking about the Bond case where the Washington Supreme Court is looking at statements made in television advertisements. And I guess, I mean, we don't have to stay on this point throughout, but it's a real point of concern. Yes, I understand, Judge. And again, I would just say that these were issues that the district court raised in its opinion, that the awareness requirement hadn't specifically been briefed by the parties. And again, that's because we didn't feel that it applied to the standard written express warranty claim that was at issue here. Let me ask you a different question. Sure. You don't give much detail at all in your complaint about the damage that was experienced. And I guess you've got claims for common area damage, if I'm understanding the briefs properly. The individual owners who ultimately assigned their claims to you had some damage. But I don't have any good sense of what we're talking about. Do you actually put detail in any place? There is, well, as far as the detail in the complaints, there was more detail that was part of the record on summary judgment. But that's not part of the record before this court. In the complaint, we allege damage to common areas that would be in the interest of Duncan Place, the condominium association. Right, but what happened? Like, did the rugs get ruined, or did the floor fall apart, or? Yes, there were a few. Is it in the complaint? That detail is not in the complaint. I could tell you some of the detail about what happened now, but it's not part of the record. No, that's not necessary. But there was, indisputably, the allegation was that there was significant damage to other property aside from the faucets themselves. So this is essentially a consequential damages case, right? You've got a part that fails, the hose, I guess, with this allegedly inferior metal. But then you have consequential damages. And so we need to see what your theory is that would reach that kind of claim. And this is a little unique, actually, Judge Wood, because of the independent tort duty doctrine in Washington State, which is a bit different from the typical economic loss rule. And in Eastwood, the case that's cited in both of the parties' briefs, a Supreme Court case from Washington from 2010. The court actually referred to economic loss as a misnomer. And it said what you should be looking at is not whether the damages that occur extend out of a contractual relationship versus a tort-based relationship. The question is, does the defendant owe a duty, a tort duty, to the plaintiff that's independent of any of the terms of the contract? Well, I mean, you're changing, I guess there are two ways of looking at this, which is very important for whether you call it independent tort or economic loss. There are plenty of contract cases in which there is a warranty, and the parties make it clear that the warranty is going to cover both replacement of the defective product, I'll just call it, product that doesn't live up to the representations that were made, and other damages that happen. Honestly, it goes all the way back to Hadley against Baxendale, if you will. But then there are other, so that's a contract-based measure of recovery. Then there's the possibility of a tort-based measure of recovery, and the economic loss doctrine rests on the assumption that if people are bargaining, they ought to allocate the risks of those kinds of harms in the contract, not using the tort law, which is actually more appropriate for strangers. Yes, so I think you've actually touched on the factual distinction that's key to this case in particular. So the warranty, first of all, the standard express written warranty, of course, is not bargained between the parties. It's a standard warranty that comes with each product. That's true of a lot of consumer contracts. I think you're opening Pandora's box there. Of course, so let's not do that. Let's close the box and move on to something else. So what does the contract say here, the express warranty? It says that the product will be free from defects and materials and workmanship, and that the defendant will replace the product free of charge for the lifetime of the product. Which I guess they did with your one plaintiff from New York who eventually leaves, right? Yes, and she was, yes, she did. She actually got a replacement that also- That also failed, yeah. The warranty does not speak to damage to other property, in terms of Dan does not affirmatively take on the duty under the contract to fix any damage to other property. That's the independent tort duty that Dan's owed the plaintiffs in this case. And in the Eastwood case, the Washington Supreme Court, when it was identifying tort duties that are- Can I just ask you, they could have negotiated for that, right? If a condo association is saying, we're building a new building, they're going to be approximately 100 units. We're going to put Dan's plumbing fixtures in all of the units, and we want you to warrant not just the loss, the direct loss, but the consequential loss. You could negotiate that. Perhaps, but that's not clear to me when the standard written warranty is involved that Dan's uses for every faucet that it sells. And I don't know, it's not part of the record whether Dan's is willing to change those terms, whether it would say buy somebody else's faucets, I don't know. But what I do know is that the Washington court said, companies, duties, defendants have a duty not to create a risk of damage to persons and other property. And the Washington Supreme Court specifically used that word, other property, that's a recognized tort duty under Washington law. It's not something that was contemplated in this standard written warranty that Dan's includes with every faucet that it sells. That was the independent tort duty that Dan's owed under Washington law to these plaintiffs that would have existed even if there was never any warranty. Even if there was no warranty at all involved, that duty would still exist, and the Eastwood court made that clear. That limits your suit to a claim under the Washington Product Liability Act? Yes, and at this point- All other torts are abrogated if you're in that act. It would just be, yeah, it would be the negligence and strict liability claim under Washington. Not negligence, that's superseded by the Product Liability Act. By the act, correct. No negligence, no other common law claim, all you're left with is your claim under the Wisconsin or the Washington Product Liability Act. Well, there would also be- And subject to the limitations on damages, et cetera. Related to the independent tort duty issue? Yes. Yes, of course, we have separate arguments for the express warranty claim. That's not a tort claim. Right. Right. But the tort claim that you're left with is limited to that statutory claim. Well, I- Because the statute- Assuming that the common law claims have been subsumed by the act, then yes. Well, that's what Washington law is. You're conceding that point? Washington law subsumes all product-related claims, whether in negligence, strict liability, any product-related claim. I would say negligence and strict liability. I don't know that I can concede that point on unjust enrichment, but if that is the law, then that's the law. Well, your unjust enrichment claim isn't doing any independent work here. Right. It's not a separate substantive basis for relief, is it? It is tied in- If all the other claims were dismissed, the unjust enrichment claim could still stand. As a substantive basis for liability? Yes, assuming that there was a determination made through the course of the- The usual rule is that you don't have an unjust enrichment claim if there's a contract, and there's a contract here. Of course, but at the pleading stage that we're at now, we can plead in the alternative. If it was determined that the contract governed the claim, then of course there would be no unjust enrichment claim. This is not just about alternative pleading. If there is a contract, which there is here, then you don't have an unjust enrichment claim. An unjust enrichment claim is an alternative quasi-contractual remedy if there is no contract between the parties. Right. But if your claim is governed by an express warranty, then you don't have an unjust enrichment claim. Yes, that's true. If a contract exists, then the equitable relief- Well, you're acknowledging that a contract exists here. Well, that's not- Even in your unjust enrichment claim, I think what Judge Sykes is saying is part of the idea of unjust enrichment is that there isn't any contract. And so the law has this theory that it would allow recovery under some circumstances, but there plainly is a contract here. And so unjust enrichment is probably not available as an independent, standalone theory of relief. I don't dispute that fact that if there's clearly a contract, there's no claim for unjust enrichment. I agree with that. If, but are you disputing the premise? There is a contract here. Yes, there is a contract. But if for whatever reason, if you get on summary judgment, it's found that the contract is unconscionable, it's found that for some reason it shouldn't govern the party's conduct, then that's why the alternative pleading is permitted at this stage, which is the stage we're at in the litigation. And if I could, I see I've got about four and a half minutes, I would reserve the remainder. Yes, you're welcome to save it. Mr. Lieber? Good morning. May it please the Court, Howard Lieber on behalf of the Appellees. I would like to, unless the Court has particular questions, address some of the points that have come up and particularly start with the first point, which relates to the breach of express warranty. So I have a question for you about that. Looking at this, it looks like there's a product that at least there's reason that would survive Rule 11 at a minimum, that it is not living up to the representations that were made. And so I want to know, who gets to sue on this warranty? Now, I understand that maybe the warranty doesn't cover every last bit of damages that they've But in classic contract law, they would be able to replace a Dan's faucet with a Moan faucet that was better, or they, you know, and just get the difference between the price of the one and the price of the other. It looks like this condo association, you know, may have restrooms in the common area, or it may have other water fixtures in the common area. So it may not be as extensive a case as the plaintiffs would like to have. But what's wrong with the express warranty claim? And if I can, in terms of responding to that, let me start with the concept that this is a commodity item. And so what you would normally expect is that there would be a UCC claim, for example, related to merchantability, fitness for a particular purpose, something of that nature. And you also have in the literature, this faucet is guaranteed for the life of, you know, the person who owns the condo or something. It's like you buy a muffler and it's guaranteed for the life of the car. I think it's the original consumer. The original consumer, right. So there's this, and a lot of these people count as original consumers. No question. So it fails within that period of time. We've probably all had the experience of something in your house fails and you look up and you say, oh good, it's still under warranty. And so you call and somebody comes and fixes it and they don't charge you for it because they fixed it. So why isn't that something that at a minimum these people are entitled to? There's a fundamental distinction here. And this is something that the plaintiffs brought out in their pleadings. In the motion for summary judgment, which is not before you, the issue came up of who was the intended beneficiary of the warranty. That is the original consumer purchasers. That would be the unit owners. But also the condo association if there's like a restroom in the main floor or something. It may have some common area, original. The problem that the plaintiffs face in this case is the awareness issue. Not so much the issue of are they a beneficiary of the warranty. So you're telling me if I buy a heating unit for my house and I don't bother to sit down and read the warranty materials that come with my furnace, then I don't have an express warranty for my furnace? No, I'm not saying that. And that would be a shocking claim actually. Who reads that stuff until it goes bad? That's a valid point. One of the responses that I would make to that point is that in our day and age with internet, with advertising material, that type of thing, people are aware of representations that are being made by manufacturers, suppliers of products, separate and apart from the, as the plaintiffs call it, the written warranty, the standard written warranty. I understand that. And I'm just worried if it's in the written warranty, it's your new washing machine, it's your furnace, it's the faucets that you buy if you're redoing your kitchen or something. And they say, we are warranting this, I'll make it simple, for five years. That's what it says in the booklet. Not in some internet, you know, these are the greatest faucets on the planet or anything. Surely you have a five year warranty, whether you're aware that it's in there or not. Maybe you didn't pay attention and you thought it was two years, but you look at it and you say, oh good, it's five years. Somebody will come replace the faucet. Are you telling me that that's not? Something that can happen? I'm not saying that's not something that can happen. What I am saying. And I am, notice I'm limiting this to just replacing the faucet, by the way. You know, I'm not saying that every other thing, you know, that goes wrong in the world comes along with it, but your view seems to be so narrow. Let me say it this way. Under the Washington, under the decisions of the Washington Supreme Court, I think that the plain language of those decisions is very clear that there has to be an awareness, a knowledge of some representation that the purchaser has in order to maintain the express warranty claim. So for the express warranty, if my new washing machine stops working tomorrow, that I've had only for a year and it's under a five year warranty, I'll pretend. If I call, then the first thing the person should say to me is, well, did you read the booklet? And then if I say, no, I actually haven't read the booklet, then they say, well, never mind, we're going to charge you, you're not under warranty. That would be stunning. I think that the important thing here. But you're saying yes, that's what they, every merchant, every repair service should interrogate the consumer about how carefully they've read the express warranty that came with the product? The honest answer, Judge, is in reality, I don't think that's going to happen. In reality, that does not happen. It doesn't happen because the law doesn't require it. If they could bail out of half of their warranty work and get to charge for it, maybe they'd be happy to do that. I think that from our perspective, you can't isolate it to just the breach of warranty. In your hypothetical with the washing machine, you would clearly have a UCC claim because it is a commodity, it is merchantable, it is something that you purchased. So you would not be left without a remedy. There is a scheme to how the various remedies interact with each other. So in this case, sadly, in this case, the plaintiffs cannot bring a UCC claim because  So what's happened here is they're trying to force the, in thinking about how I would present this to the court, I referenced the square peg in the round hole. What they're trying to do is they're trying to take a claim that should really be a UCC claim and they're trying to make it into a breach of contract claim or a tort-based claim because they've lost the ability to bring it as a UCC claim. In your scenario, what you're describing, I would, if my washing machine had a problem within the applicable warranty period and I did not get satisfaction and I decided to file a lawsuit, clearly one of my causes of action would be a UCC claim. It would be that it wasn't- And the UCC covers both express warranties and implied warranties of merchantability. You don't suddenly default into the implied warranty if there's an express warranty. And I don't disagree. And the problem that they ran into here, which is what happened with respect to the first amended complaint, was the statute of limitations because the complaint basically says that the faucets were installed, I believe, in 2009 and the lawsuit wasn't filed until, I believe, March or February of 2015. So what happened is they lost what I would consider to be their primary cause of action. So they're trying to fall back on other causes of action and making it fit into that pattern. And I think what's happened is the scheme of the law to provide someone with a remedy doesn't fit this situation because of the posture that the case is in by the time they filed the second amended complaint. So how long does Washington give people to file these things? I believe- Five years, four years? I think it's four years. I didn't specifically look at it, but my recollection is the UCC claim is four years. And because it was their allegation in the complaint that it was 2009, the installation, I don't know that independently. That's what's alleged. No, that's fine. And so that is the problem with all of this. One of the things, quite frankly, that I think is the genesis of how we got to a lot of this between advertising awareness and non-advertising awareness is the case that they're relying on is that My Ford Touch case from California. California. It's a California district court? Correct. Yes, ma'am. I believe it's a Northern California district court. And the bottom line of that case was that I think the case is distinguishable on the one hand and harmonizable on the other hand with what the Washington Supreme Court and Judge Chang in the district court here did. Because as a threshold matter in that My Ford Touch case, the court said that the Washington plaintiff was aware of the warranty. Because as I understand it from reading that case, the plaintiff was handed a copy of the warranty before the purchase of the vehicle. So my approach is, frankly, that there's a lot of dicta in that case and kind of speculation by that judge as to interpreting what the Washington Supreme Court did in the Touch Valley grain growers case. And I think one of the critical points, I tried to make it in my submission, is that in that case, that judge noted that under the Washington Supreme Court's decision, they were dealing with not just a standard written warranty, but also advertising, marketing, things of that nature. That's exactly, in our case, the circumstance in terms of the awareness issue. Because I believe it's paragraph 41 of the second amended complaint specifically makes the comment that the plaintiffs, in terms of express warranty, are relying on advertising, marketing, website representations, as well as the standard written warranty. So I do not think that the Ford My Touch case is really an issue in terms of reversal. I think that the specific language of the Washington Supreme Court was very clear in saying there has to be awareness when you are talking about advertising and other representations. But what counts as awareness doesn't seem to be particularly clear to me from these Washington cases. Because if just handing somebody a packet of stuff means that they're aware as a matter of law, and actually we force people to do that all the time. We say, well, you signed the contract, tough luck for you if you didn't read the fine print. At the pleading stage, isn't this enough to go forward? Here's the problem with that. What Judge Chang did was not simply, Judge Chang issued a memorandum opinion in order on June 30th of 2016. And what he did in there was he raised the issue of awareness and he said to the plaintiffs, tell me if I'm wrong. And why can't at least those two people go forward? They alleged awareness. What is not reflected in the pleadings is that at subsequent hearings, that was retracted. Apparently there was a language issue. They were Asian folks and I don't think they understood what was being asked. And in essence, what happened is that was retracted. So at the end of the day, none of, as I recall, 41 individual plaintiffs at the Condo Association actually could say that they had any awareness. And I have a clear memory of standing there in October of 2016 and Judge Chang saying to the plaintiff's attorney, I've tried to give you every chance to give me this information and you haven't done it. And that's on the record in the statement. And so finally, at the end of approximately three months, between the June 30th order and the October, I believe, 11, 2016 memorandum order, they could not come up with any information of awareness. They gave him nothing. Is the awareness requirement in Washington best understood to apply in cases where there's no contractual privity because the claim is being brought by some remote or secondary user? I don't. That's one way to reconcile these cases. That is one way to reconcile the cases, yes. I am not aware of a specific statement by the Washington Supreme Court to that effect, but you are correct. The Bond case involved both a direct and then a secondary user. Correct. Right? And the court kind of mixes up who it's talking about in different parts of the opinion. They do. So if we're trying to get a thread of a rule here, what would it be? To me, I would take the position that there doesn't necessarily, because some of the decisions, I believe the Bond decision and also the Touche Valley grain growers decision makes a comment that privity is relaxed. There is some language in there referencing the relaxation. What does that mean? I'm sorry? I said, what does that mean? I mean, privity is a bad enough word to begin with, since it just suggests that the relationship between two parties is close enough to put them under the same legal regime. A relaxed privity? I guess, Judge, I would not have the temerity to tell the Washington Supreme Court. You have to. You have to tell us. I did see the language in there that, and I'm sure you've seen it as well, it says the privity requirement is relaxed. And I think that my speculation of what they're saying, my interpretation, is that what they're doing is saying it doesn't, it's going to sound ridiculous when I say it doesn't have to be as strict as you would normally expect in a contractual setting. They're allowing for more remoteness. For example, I think the television ads that were referenced in, I think, the Bond case is one factor. I think if you were going strict interpretation of that, you possibly would not allow for television advertising, because there isn't a direct relationship between parties and a signature on a contract, that type of thing. That's my best analysis of what the Washington Supreme Court, in that regard, is trying to say. I think that encapsulates it. Can I tell you exactly? The answer is no. I mean, and the problem is it may be important, because we do have a chain of title from the condo owners to the first owner of the unit. We have a notion in the contract that the first owner is intended to be the beneficiary of all of the stuff they put in the units. Right. And so how much you have to plead to show the necessary, to bring yourself within the scope of the warranties, whatever they may be, is really the core of the issue. The district court has a fairly strict approach to it by asking for these position statements. Essentially, what your opponents are saying is a matter of law, essentially. They don't need to make that demonstration, because they're within the scope of the warranties. My response to you would be this. I think there's a disconnect in terms of what the plaintiffs are saying. Because we're at the point now, in order to affirm Judge Chang, I don't know that the They offered no awareness in the position statements. And so the question is, is awareness in this particular legal lineup of people one of the things that the Bonn and the Touchet decision would require? Obviously, we're governed by Washington law here. So would Washington take it that far? I think there's no question. Under the Touchet Valley growers and even the Bonn case. And there's another case, the Kurzman case, which is a Washington district court case, which is subsequent to those. The way I read those cases, I think the plain language says there has to be knowledge of the representation. And in this case, I don't think, if this was a situation, Judge, where the plaintiffs had come back with some level of awareness, some statement that there was some level of awareness, you may have to address what exactly constitutes sufficient awareness. But here, I think it's a simpler analysis than that for purposes of affirmation. Because there is no representation of awareness. And I think that in some respects, you might be making law for the Washington Supreme Court if you decided on what was a sufficient level of awareness. My personal opinion is I don't think you have to get to that to affirm the decision of Judge Chang. Because in some respects here, it's black and white. There's no representation of awareness at all. And that's the fundamental problem for the plaintiffs in terms of that Breach of Express Warranty claim. It's just not there. So I see I have about 30 seconds left. Wrap up or say anything about unjust enrichment if you want to? The only thing I would briefly say about the unjust enrichment claim, not to beat a dead horse, but the specific argument that they were raising on the scope of the application of Rule 9b was not raised in the court below. What they argued in the court below was that Rule 9b didn't apply at all. Or if the judge felt it did apply, that their allegations were adequate. In my five seconds left, I'm sorry. If I could interrupt on the Washington Product Liability Act. It seems to channel all tort claims that are product related into the terms of the Act. So if we conclude that there is an independent duty here, extra contractual for the purposes of the damage to other property that's being alleged in the complaint, that's the sole surviving claim? I, under your analysis, you're correct. That would be the sole surviving claim. I, my response on that would be that I do not believe that there is a independent tort duty as recognized by the Washington Supreme Court. I think that what Judge Chang was looking at was that this was more in the nature of a disappointed commercial expectation. Well, that's certainly part of the claim. But there is at least a bare bones allegation of damage to other property. And that seems to get us into the Eastwood case. If I may, I know I'm over my time. But to respond to that, the problem with the allegations in the complaint is that there really is no allegation of damage to other property. It uses phrases like extensive damage, but it doesn't say to what. It doesn't say to who. There's no allegation. And that was one of the things. But that's a pretty strict reading of the complaint. Surely, under federal pleading standards, we understand. I mean, extensive damage doesn't make any sense if you're just talking about the replacement cost of a faucet. I think that they are required to give some idea as to whether there is damage to other property. That was one of the things that the court below had pointed out in the June 30, 2016 opinion, that there was no detail at all. And remember, this was the second amended complaint. So there had been original, first amended, and obviously a second amended. So I think that goes to address the issue that you're raising about that. OK. Well, thank you very much, Mr. Lieber. Anything further, Mr. Schomburg? Yes, Your Honor. Thank you. In 15 seconds, I'd just like to talk about the unjust enrichment and then get into the express warranty. At the district court below, we argued that 9B should not apply. And the cases that we relied on were the Vernon case and the Goodman case in Washington, which both set forth the bifurcated analysis in terms of striking the fraud allegations, looking at the remaining allegations, and applying Rule 8 to those allegations. They both dealt with that issue. So it was brief before the district court not waived. In terms of the express warranty, I can see that there seems to be a bit of a lack of clarity, perhaps. And we're all trying to have the temerity to tell the Washington Supreme Court what they were saying. But to the extent that there's confusion about this awareness requirement, we can always certify this question to the Washington Supreme Court and get the answer from the horse's mouth. Now, I don't believe that that's necessary, simply because I believe that the analysis that Judge Chen undertook in the My Ford Touch case, albeit simply persuasive, and even albeit dicta, because he did find that the plaintiff had awareness there, it doesn't change what's said and the persuasiveness of his reading of the Bond and Touche Valley cases. Now, in Bond, the court was specifically dealing with television advertising statements. And I think it's pretty clear, and this touches on some of the concerns you raised, Judge Wood, as a hypothetical consumer. You know, there's a difference between a standard written contract that comes with the product that, in the case of terms and conditions, say, for example, would be binding on the consumer, even if that consumer had never seen it, versus statements that are made in other advertisements and other media that the purchaser may never have seen, may know nothing about, may not be part, therefore, of the basis of the bargain. It's presumed that a standard written warranty is part of the basis of the bargain under Washington law and under the UCC in many states. So in Bond, when the court was looking at television advertising statements, it said, was there an awareness of the statement to make them part of the basis of the bargain? In the Kurzman case that Mr. Lieber mentioned, it was the same analysis. It was an oral statement made by a dealer, I think, I don't know exactly, it was an oral statement that was made by a representative of the defendant. Did this become part of the basis of the bargain? That was the question. The standard written warranty is a part of the basis of the bargain. And in Touche Valley, when it was citing to Bond, it looked at two different bases for express warranty in that case. There were advertising statements that were made, and there the Washington Supreme Court cited to Bond and discussed awareness. And then in a separate section, it discussed a product brochure that was referred to as, I believe, a standard limited warranty or a standard warranty, and it did not discuss the awareness requirement there. This was the analysis. Is this then resuscitating the UCC claims that are time barred? Well, no, because it would still be the breach of warranty claim that has the six-year statute of limitations that we met into. I think Mr. Lieber was referring to, yeah, the UCC claims, including the implied warranty claim and the breach of merchantability, which were dismissed and which we're not trying to revive. A freestanding warranty claim survives the UCC if the UCC claim is gone? Is that Washington law? The breach, well, there's no, there's no, there has never been, I mean, if your claim is otherwise covered by the UCC and it's time barred, you can get in the back door by some other kind of warranty claim. Yeah, that's what I was wondering, too. No, yeah, the breach, well, first of all, there's never been any argument made that the breach of express warranty claims that we're seeking to revive here were outside of the statute of limitations. So they may have waived that, that's possible. So yes, but I would say that the breach of warranty claim is timely and well stated, and again, there hasn't been an argument that it's not. There's simply been the argument that they're unable to state a claim on 12b6 grounds, which I disagree with because of my reading and, you know, Judge Chen's reading essentially of what those Washington Supreme Court cases say. But quickly, I know I have 30 seconds, before even looking at this question of this judicially imposed awareness requirement that we don't believe exists in this case, we have a, again, standard written contract here that is unquestionably, no one disputes that the intended beneficiary of the warranty are the original consumer purchasers here. In that warranty, Dan's expressed its independent, its free will, its choice to have this warranty extend to the exact plaintiffs that we have in this case. That's a basic interpretation of contract law. It's meeting the expectations and the intentions of the parties. So it's my understanding, I'll let you go over a minute because I let Mr. Lieber go over, but it's my understanding that Dan's has always stood behind the promise to replace. That's what it did with Phyllis Zisser. What this case is all about isn't just getting a new faucet and hose. This case is about covering other damage that occurred when the hose failed. It's about, yes, it is about more than that, but Dan's has also not replaced the faucets in the Duncan Place building. And that's what it specifically says it will do under the warranty. When we get- And is this case only about the Duncan Place building in Washington State? I had the impression that you were trying to bring a nationwide consumer class action. Yes, absolutely. It is a consumer class action, but the specific points that we're looking at for the dismissal deal with the facts relevant to the named plaintiffs. All right. Well, thank you very much. Thanks to both counsel. We'll take the case under advisement.